No. 963
### BRUNKE v. BLUMENTHAL

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2558. Decided March 16, 1925

297. CONTRACTS—Construction of for purpose of ascertaining damages.

651. INTEREST—Runs from date of sale to first day of term of court in which case was tried in instant case.

CUSHING, J.

Herman Brunke was employed by Isadore Blumenthal to manage and operate a drug store; and a written contract was entered into July 1, 1920. The contract provided that Brunke was to receive $150 per month and five per cent of the net profits, as salary. He was also to receive 20 per cent of net earning of the business, to be applied upon purchase price of an interest in the store; and when said 20 percent ammounted to $2000 the contract was to be completed and terminated and Blumenthal was then to transfer to Brunke an undivided one-fifth interest in the business.

In 1922 Blumenthal sold the drug store for $13,053.80. From the date of the contract to the date of sale Brunke's 20 per cent of net earnings amounted to $1,333.59 and Brunke brought suit in the Hamilton Common Pleas to recover the amount of one-fifth of the sale price of said business. A jury was waived and the court found in favor of Brunke for $1422.76. The case was taken by Brunke to the Court

of Appeals to reverse the lower court. Blumenthal contended that Brunke was entitled merely to the accumulated profits, $1,333.79. The Court of Appeals held:

1. The point to be determined is what the parties meant by words contained in the contract to wit "then in that case, he shall pay to the party of the first part, under the terms of this agreement, the full amount or value of the undivided one-fifth interest at the date of sale."

2. "Value of the undivided one-fifth interest at date of sale" means that it would be the proportion that Brunke's accumulated earnings bore to $2000, the amount he was to pay for a one-fifth interest in the business.

3. This construction is necessary to give effect to the word "value". Any other construction would render the above phrase meaningless. Had the accumulations amounted to $1500, value of Brunke's interest would be three-fourths of one-fifth of the sale price.

4. Interest would start running from date of sale to the first day of the term of court of Common Pleas at which the case was tried.

5. Judgment of Common Pleas will be modified by inserting $1,927.40 in place of $1,422.76 and as modified the judgment will be affirmed.

Attorneys—J. T. Rhyno for Brunke; Robert M. Ochiltree for Blumenthal; both of Cincinnati.